218 So.2d 45

**Peter (Pierre) J. DUPRE, Jr., et al.**

**v.**

**The CITY OF HOUMA.**

No. 49646.

Feb. 6, 1969.

As Amended Feb. 11, 1969.

In re: Peter J. Dupre, Jr., Beulah Hebert Dupre and Hebert Dupre and Hebert F. Frederick, Jr., applying for certiorari, or writ of review, to the Court of Appeal, First Circuit, Parish of Terrebonne, 216 So. 2d 576.

Writ refused. On the facts found by the Court of Appeal, the result is correct.

HAMLIN, J., concurs. He is of the further opinion that Art. XI of the petition contains mere conclusions of the pleader. Plaintiffs have not shown how and in what manner they will suffer prejudice, how public funds will be wasted; and how and in what manner they will suffer irreparable injury.

BARHAM, J., dissents from the refusal of the writ and will assign written reasons.

BARHAM, Justice (dissenting from refusal to grant writs).

I respectfully dissent from the refusal to grant writs. The City of Houma proposed to issue revenue bonds, under authority of Louisiana Constitution Article 14, Section 14(m), and R.S. 33:4161 et seq., in the amount of $10,000,000.00, which were to be payable only from the revenue to be derived from the operation of the city-owned facilities and were not secured by mortgage on the facilities. No property tax or other special tax was to be imposed, and of course under our law no such tax could be imposed to discharge this particular bonded indebtedness. The Louisiana Constitution in Article 8, Section 15, states in

part: "The Legislature shall provide some plan by which the voters may prepare their ballots in *secrecy* at the polls. * * * These provisions shall not apply to elections for the imposition of *special taxes*, for which the Legislature shall provide special laws." (All emphasis mine.) The Court of Appeal in its opinion (216 So.2d 576) stated that this constitutional provision applies only to elections of public officials. This is obvious error, for why should the provision contain the particular exception for special tax elections unless the provision is in fact applicable to, and encompasses, all elections?

Article 8 is the "Sufferage and Elections" article of our Constitution and our enfranchising guarantee. Its provisions should be strictly construed in favor of the citizen-voter. Certainly secrecy of the ballot is the rule, inclusion, embracement, and comprehension—not the exception—, and no elector should be required to sign a ballot or otherwise be deprived of his right of secret ballot unless the Constitution itself by specific provision makes an exception to this guarantee. The very provision which gives the right to secret ballot, Article 8, Section 15, makes only one exception to this guarantee, and that is for " * * * elections for the imposition of special taxes * * * "; and there is no other exception in the entire Constitution. This revenue bond election could not, under our law, require a tax, and therefore it

cannot be classified as an election imposing "special taxes".

Article 14, Section 14(m), authorizes the Legislature to allow municipal corporations to issue bonds for constructing and improving revenue-producing public utilities, " * * * secured exclusively * * * " by mortgage on the utility facilities and by pledge of the revenues of such public utilities. A portion of this Subsection (m) allows the Legislature to require an election as a condition precedent to the issuance of such bonds by the "tax-paying voters" of the municipality who are to have the same qualifications as voters under other provisions of Section 14, and clearly it is intended that such "tax-paying voters" be property tax payers. None of the sections or subsections of Article 14 of the Constitution require a signature to the ballot, nor do they refer to or affect the secrecy of the ballot.

Obviously the Court of Appeal and apparently the majority of this court who have denied the writ have fallen into error in their belief that this election was called under and totally governed by R.S. 39:471 et seq., and that more particularly R.S. 39:511 and the first sentence of R.S. 39:512 have application to this election. The chapter containing these statutes relates to "Bonded Indebtedness and Special Taxes", and any bonded indebtedness created thereunder *requires the levying of a special tax.* (See R.S. 39:569.) Because

R.S. 39:511 presents a sample ballot designating a place for the signature of the voter and R.S. 39:512 says that "Each voter's name shall be written on his ballot * * *", the Court of Appeal and the majority have decided that a signature of the voter is required in this election. In property tax elections where both votes and property evaluations must be canvassed, signatures are required because both number and amount determine the result, and apparently the Legislature has been unable to evolve another system which would insure a fair canvas of both. Note the obvious error contained in the statement of the trial judge, quoted with approval in the Court of Appeal's opinion: "* * * However, in view of our previous conclusion, the only provision of law pertaining to secrecy in *revenue bond elections* is that found in R.S. 39:512 which gives the voter the right to fold his ballot so that it shall not be known whether he voted for or against the proposition. * * *" The signature provision of R.S. 39:512 can have *no* application whatever to *revenue bond elections*, and is applicable only to bonded indebtedness supported by compulsory special taxation.

The statutory enactment applicable to revenue bond elections is contained in R.S.

33:4161 et seq. R.S. 33:4161 provides in part: "* * * 'revenue producing public utility' means any revenue producing business * * *, including electricity, gas, water * * * owned and operated by a municipal corporation * * * authorized to issue bonds under authority of Section [14] of Article 14 of the Constitution of Louisiana of 1921, from the conduct and operation of which revenue can be derived." R.S. 33:4222 [1] and 4224 provide for certain revenue bond elections. R.S. 33:4224 is the sample ballot for elections for revenue-producing bonds secured by both mortgage and pledge, and it contains no signature line. There is no provision in the entire chapter requiring signature or denying the right to secret ballot. The reference in R.S. 33:4258 to Chapter 4, Subtitle 2, Title 39 as governing revenue bond elections where only revenues are pledged cannot make the implied and explicit signature provisions of R.S. 39:511 and 512 applicable to non-taxable propositions. Since such an election is not a *special tax election*, any such statutory provision would be unconstitutional as a violation of the right to secret ballot.

This is not a special tax election, but is a revenue bond election under Louisiana Constitution Article 14, Section 14(m), and

---

1. The definition of "voters" in R.S. 33:-4222 as the "* * * qualified resident electors * * *" is apparently repugnant to the term "tax-paying voters" used in the Constitution Article 14, Section 14(m). Nevertheless, the chapter is sufficiently explicit in regard to the calling of the elections so that even if the provision defining "voters" were held to be unconstitutional, the mechanics of elections for revenue-producing bonds would not be affected.

R.S. 33:4161 et seq., and it is my opinion that these voters have been deprived of their constitutional guarantee of secrecy of ballot. Such a violation of constitutional protections is not trivial or simply " * * the failure of some ministerial officer to perform every formal direction provided by law"; but it is substantive, and only evidence of the violation is necessary to invalidate the election.